FILED
SEP 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERMAINE DIXON )
#51921-019 )
U.S.P CANAAN, P.O BOX )
300, WAYMART P.A, 18472. )
(Enter your full name, prison number
and address)

v.

ALBERTO GONZALES, U.S )
ATTORNEY GENERAL, WILLIAM )
G. STEWART 11 ACTING )
ASSISTANT DIRECTOR. )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:07-cv-01687
Assigned To : Unassigned
Assign. Date : 9/24/2007
Description: FOIA/Privacy Ac



CASE RE-ASSIGNED
TO: LEON
OCT 26 2007

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

RECEIVED
AUG 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.   **SUCCESSIVE CLAIMS**

   Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.  **PREVIOUS LAWSUITS**

   A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No ( X )

   B.   Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes ( )   No ( X )

   C.   If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.   Parties to this previous lawsuit.

   Plaintiffs: _____ N/A _____

   Defendants: _____ N/A _____

   2.   Court (If federal court, please name the district; if state court name the county.)
   _____ N/A _____

   3.   Docket number: _____ N/A _____

   4.   Name of judge to whom case was assigned: _____ N/A _____

     5.      Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

     6.      Approximate date of filing lawsuit: _____

     7.      Approximate date of disposition: _____

## III. PLACE OF CONFINEMENT

UNITED STATES PENITENTIARY, P.O. BOX 300, CANAAN, P.A 18472

A. Is there a prisoner grievance procedure in this institution? Yes (X)  No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (X)  No ( )

C. If your answer is Yes to Question III B:

    1.    To whom and when did you complain? ALBERTO GONZALEZ & WILLIAM STEWART U.S. ATTORNEY GENERAL, & FREEDOM OF INFO/PRIVACY ACT STAFF

    2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) Yes (X)  No ( )

    3.    What, if any, response did you receive? (Furnish copy of response, if in writing.) DENIAL IN THAT GRAND JURY MATERIAL IS EXEMPT FROM MANDATORY RELEASE PURSUANT TO 5 USC § 522(b) (3), RULE 6 (e).

    4.    What happened as a result of your complaint? I NOW PETITION THE DISTRICT COURT TO COMPELL RESPONDENTS TO PRODUCE THE MATERIAL. SUBMIT HEREWITH ARE COPIES OF DENIAL MARK EXH 2, AND 3.

D. If your answer is No to Question III B, explain why not. _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( )  No ( )

F. If your answer is Yes to Question III E;

    1.    To whom and when did you complain? _____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)   Yes ( )   No ( )

3. What, if any response did you receive? (Furnish copy of response, if in writing.)

4. What happened as a result of your complaint?

## IV. PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: JERMAINE DIXON #51921-019
   Address: U.S.P CANAAN, P.O. BOX 300, WAYMART P.A 18437.

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: ALBERTO GONZALES, U.S ATTORNEY GENERAL,& WILLIAM G. STEWART 11 ACTING ASSISTANT DIRECTOR
   Address: 600 E STREET, N.W., ROOM 7300 WASHINGTON, D.C. 20530.

   Defendant: ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL
   Address: 950 PENNSYLVANIA AVE, N.W. WASHINGTON DC 20530#5111

   Defendant: WILLIAM G. STEWART 11 ACTING ASSISTANT DIRECTOR
   Address: 600 E STREET, N.W. ROOM 7300 WASHINGTON DC 20530.

   Defendant: _____
   Address: _____

## V. STATEMENT OF CLAIM

State here briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets, if necessary.

THIS ACTION IS BROUGHT PURSUANT TO THE FREEDOM OF INFORMATION ACT, AS AMENDED, 5 USC § 552, ET ESQ, AND 28 USC § 1361. PLANTIFF IS SEEKING TO COMPEL THE UNITED STATES DEPARTMENT OF JUSTICE(DOJ), TO DISCLOSE AND PRODUCE BY LIONS COMPUTER PRINTOUT, EACH DATE GRAND JURY CONVENED IN CASE #01-CR-984, EACH DATE THE GRAND JURY WAS DISCHARGED BY THE JUDGE. THE NAME OF THE JUDGE THAT DISCHARGED THE GRAND JURY IN CASE#01CR-984, THE NAMES OF GRAND JURY FOREPERSON AND DEPUTY FOREPERSON IN CASE #01-CR-984. THE NUMBER OF JURORS THAT CONCURRED, AND VOTED TO INTICT IN CASE # 01-CR-984. THE NAME OF THE JUDGE THE INDICTMENT WAS RETURNED TO IN OPEN COURT IN CASE #01-CR-984. THE DATE THE JUDGE APPOINTED THE * * FOREPERSON AND DEPUTY FOREPERSON IN CASE #01-CR-984. AND THE DATE OF AN GRAND JURY EXTENSION OF SERVICE WAS GIVEN TO GRAND JURY IF ANY, AND ITS EXPIRATION DATE OF SUCH EXTENSION, IN CASE # 01-CR-984.

## VI. RELIEF

State briefly exactly what you want the Court to do for you.

PURSUANT TO §1361 COMPEL RESPONDMENTS ALBERTO GONZALEZ AND WILLIAM STEWART, TO DISCLOSE THE RESPONSIVE RECORD AS REQUESTED. FAILURE TO COMPLY WITH THE 20 DAY RESPONSIVE TIMELINE, SHOULD NOT BE EXCUSED AND THIS COURT IS ASK TO ENTER SUMMARY JUDGEMENT IN FAVOR OF MR. DIXON AND COMPEL RESPONDENTS TO MAKE FULL AND COMPLETE RESPONSE WITHIN TWENTY DAYS OF THE SUMMARY * * JUDGEMENT. IN 1996 CONGRESS AMENDED FOIA AND TIGHTENED THE STANDARD FOR OBTAINING STAY BY DEFINING THE TERM "EXCEPTIONAL CORCUMSTANCE" TO EXCLUDE DELAY RESULTS, FROM PREDICTABLE AGENCY WORKLOAD OF REQUEST UNLESS THE AGENCY DEMOSTRATE REASONABLE PROGRESS IN REDUCING ITS BACK LOG PENDING REQUEST. SEE 5USC§552(a) (6) (c) (ii). MR. DIXON ASSERTS, THAT THE MATERIAL HE SEEK IS NEEDED TO AVOID A POSSIBLE INJUSTICE IN ANOTHER JUDICIAL PROCEEDING, THAT THE NEED FOR DISCLOSURE IS GREATER THAN THE NEED FOR CONTINUED SECRECY, AND HIS REQUEST IS STRUCTURED TO COVER ONLY METERIAL SO NEEDED. THE MATERIAL REFLECTING EMPANELLING, EXTENTION, AND DATES ETC.

Signed this 18 day of 10, 2007.

_____
(Signature of Plaintiff) Jermaine Dixon

I declare under penalty of perjury that the foregoing is true and correct.

8-10-07
(Date)

_____
(Signature of Plaintiff) Jermaine Dixon

**U.S. Department of Justice**

Washington, D.C. 20530

SEP 2 3 2006

Jermaine Dixon
Reg. No. 51921-019
Unit: A-2
U.S.P. - Pollock
P.O. Box 2099
Pollock, LA 71467

Re: Indictment No. 01-CR-984

Dear Mr. Dixon:

This is in response to your request, Certified Mail Number 7006 0100 0003 6154 1121, dated September 11, 2006. Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ). Federal agencies are required to respond to a FOIA request within 20 business days. This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought.

While Privacy Act requests are processed under both the FOIA/PA to assure the fullest possible disclosure, access to records relating to an individual is governed by the Privacy Act. Therefore, the DOJ cannot process your request until Privacy Act requirements are met.

The DOJ must verify the identity of the person who is the subject of the records being requested. This verification is necessary to protect the individual's privacy and is required by Title 28, Code of Federal Regulations, Section 16.41(d)(2). Please send the enclosed Certification of Identity, Form DOJ-361, with a request for records directly to the component(s) you have selected at the address(es) shown on the enclosed List of Department of Justice Components, Functions and Records Maintained. Please note that your signature is required.

Sincerely,

Ronald Deacon

Ronald Deacon, Director
Facilities and Administrative
   Services Staff
Justice Management Division

Enclosures
Certification of Identity
List of Department of Justice Components,
   Functions and Records Maintained
Incoming Letter

07 1687

FILED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

2 4 200

Requester: Jermaine Dixon                          Request Number: 07-63

Subject of Request: Self (Grand Jury-Dates)

Dear Requester:

    Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which prosecution or litigation occurred.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

    Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

[ X ]  Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
07-64

07 1687

FILED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(Page 1 of 2)

Form No. 003B - 2/06

This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director



EX 3

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

JAN 26 2007

Request Number: 07-64    Date of Receipt: January 16, 2007

Requester: Jermaine Dixon

Subject of Request: Self (Grand Jury Transcripts, etc.)

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information Act/Privacy Act request. It has been assigned the above number.

Grand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3), which exempts from release "matters specifically exempted from disclosure by statute." Since Rule 6(e) of the Federal Rules of Criminal Procedure (Pub. L. 95-78, 91 Stat. 319(1977)) provides that grand jury proceedings shall be secret, disclosure of grand jury information is prohibited by law. Therefore, this is a full denial.

This is our final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the envelope and the letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

07 1687

FILED

SEP 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Form No. 006A - 2/06

# FREEDOM OF INFORMATION ACT REQUEST

Date: September 11, 2006

Name of Agency: United States Attorny'(s) Office

Address: 950 Pennsylvania Avenue N.W. Washington,

City/State/Zip: D.C. 20530

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

(1). Each date the grand jury convened in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(2). The date the grand jury was discharged by the Honorable District Judge.

(3). The name of the Honorable District Judge presidingg at that time.

(4). The name of the Fore Person; and the name of the grand jury Deputy Fore Person
[See: ATTACHMENT]

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_Jermaine Dixon_
(Name)

51421-019    A-2
ID Number    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

ATTACHMENT TO FOIA REQUEST

pursuant to defendant JERMAINE DIXON Indictment No.01-CR-984.

(5). The number of jurror's concurred and the number jurror's that voted to Indict defendant JERMAINE DIXON pursuant to Indictment No.01-CR-984.

(6). The name of the Honorable District Court Judge Indictment No.01-CR-984 was returned into open court pursuant to defendant JERMAINE DIXON.

(7). The date the Honorable District Court Judge appointed one of the jurro's to be the Fore Person and Deputy Fore Person in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(8). The date the extension of service was given to the grand jury if any, and the expiration date of such extention in Indictment No.01-CR-984 pursuant to the defendant JERMAINE DIXON.

(9). This writer also respectfully request a copy of the above grand jury Transcripts.

(10). The date the grand jury returned the superseding Indictment in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(11). Each date the grand jury convened on the superseding indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(12). The name of the Honorable District Court Judge presided over Indictment No.01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Judge pursuant to Indictment No.01-CR-984 of defendant JERMAINE DIXON and the name the Honorable District Judge.

(15). This writer respectfully request a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request a computer printout of this infomation of 1-15.

Dated September 11, 2006

RESPECTFULLY SUBMITTED

BY: /s/ Jermaine Dixon

Mr. Jermaine Dixon Reg.No.51921-019
USP Pollock, P.O.Box 2099 Pollock,
La 71467

EX 5

Jermaine Dixon
Reg.No 51921-019
United States Penitentiary
Pollock, P.O.B. 2099 Poll-
ock, Louisiana 71467

January 9, 2007

Deputy Director
Office of Infomation and
Privacy Act Department of
Justice Suite 570, Flag.
Building Washington, D.C.
20530-0001

Re: FREEDOM OF INFOMATION/PRIVACY
    ACT APPEAL

Dear Sir/Ma'am:

This writer contend that he respectfully submit this request to appeal under the Freedom of Infomation Act of his September 11, 2006, request for documents which subsequently, was returned to him on September 26, 2006, because of his failure to submit his date of birth (DOB) & Social Security Number along with my Freedom of Infomation request as follows:

(1). Each date the grand jury convened in Indictment No.01-CR-984 pursuant to defendant Jermaine Dixon.

(2). The date the grand jury was discharged by the Honorable District Judge.

(3). The name of the Honorable District Judge presiding at that time..

(4). The name of the fore Fore Person; and the name of the grand jury Deputy Fore Person ect. See also: Exhibit-(A).

Thus, this writer contend no response has been provided by the Freedom of Infomation/Privacy Act Unit within its time limitation as required under (USC Title 5 §552a(E) and hereby respectfully submit this appeal to be appropiate addressed.

Respectfully SUBMITTED

DATED: JANUARY 9, 2007

BY: _Jermaine Dixon_
    Jermaine Dixon
    Reg.No. 51921-019
    USP Pollock, P.O.Box
    2099 Pollock, Louisiana
    71467

1

Jermaine Dixon                                          Febuary  1     2007
Reg. No. #51921-019
United States Penitentary
Pollock, P.O. Box 2099
Pollock, LA 71467


Agency Head or Appeal Officer
Office Of Information and
Privacy Act.
Department of Justice
1425 New York Ave, Suite 11050
Washington D.C. 20530-0001


Dear Sir/ma'am:

    This writer contend's that he respectfully submits this request to appeal the denial of his request under the Freedom of Information Act in regard to his (Sept 11, 2006) request for documents, which there was no response to the writer's request. Under the 20 day compliance rule, thus this writer considerd his request denied. In response to the no answer denial of the writer's request, this writer wrote an appeal letter dated January 9, 2007 again requesting the same information. in response to writers first appeal letters, this writer recieved two letter's from, Acting Asst Director William G. Steward. The first letter post marked January 30 2007, dated January 24, 2007, with a requester No. 07-63 notifing this writer that his request was recieved, and also to notify this writer cost's and other regulations. The second letter this writer recieved post marked January 30, 2007 dated January 26, 2006 with a request No. 06-74 was a full denial of the information this writer contend's that under 5 U.S.C. § 552(b)(3) Grand Jury Secrecy. that the Grand Jury's investigation has long since ceased so the need for secrecy has become less relevant. therefore disclosure is wholly proper.


Dated Febuary 1  2007

Respectfully Submitted

*Jermaine Dixon*

Jermaine Dixon
Reg. No. 51921-019
USP Pollock
P.O. Box 2099
Pollock LA 71467

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: *(202) 514-3642*         Washington, D.C. 20530

MAR 1 3 2007

Mr. Jermaine Dixon
Register No. 51921-019
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

    Re: Request No. 07-63

Dear Mr. Dixon:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on January 19, 2007.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0789**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                                            Sincerely,

                                            Priscilla Jones
                                            Supervisory Administrative Specialist



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: *(202) 514-3642*   Washington, D.C. 20530

APR 20 2007

Mr. Jermaine Dixon
Register No. 51921-019
United States Penitentiary   Re:   Appeal Nos. 07-0789 & 07-0790
Post Office Box 300                Request Nos. 07-63 & 07-64
Waymart, PA  18472                 ALB:SRO

Dear Mr. Dixon:

    This responds to your letter of January 9, 2007, in which you attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to fifteen items pertaining to your grand jury indictment as enumerated in your request letter of September 11, 2006.

    A member of my staff has looked into this and found that EOUSA split your original request into two separate requests (Request Nos. 07-63 and 07-64).  Request No. 07-64 pertains to item numbers five, nine, and fifteen of your request of September 11, 2006, while Request No. 07-63 pertains to the remaining twelve items you requested.  EOUSA responded to you by letters of January 24 and January 26, 2007 (copies enclosed).  As a result of these responses, your appeals from EOUSA's failure to respond to your request is now moot.  Accordingly, I am closing your appeal files in this Office.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure