UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERMAINE DIXON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 07-1687 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY , | ) | |
| U.S. ATTORNEY GENERAL, | ) | |
| WILLIAM G. STEWART, | ) | |
| ACTING ASSISTANT DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants respectfully move this Court to dismiss the complaint, and for summary

judgment on behalf of the United States Department of Justice (DOJ) on the grounds that there

are no material facts in dispute and DOJ is entitled to judgment in its favor as a matter of law.

Fed. R. Civ. P. 56.  In support of this motion are Defendants' Memorandum of Points and

Authorities, Statement of Material Facts Not In Dispute and the attached declaration of Karen M.

Finnegan, Attorney Advisor in the Executive Office for United States Attorneys (EOUSA),

assigned to the component of EOUSA designated to administer the Freedom of Information Act

("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.[1]

---

[1]    Plaintiff should take notice that any factual assertions contained in the affidavits and
other attachments in support of defendant's motion will be accepted by the Court as true unless
the plaintiff submits his own affidavits or other documentary evidence contradicting the
assertions in the defendant's attachments.  *See Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992),
Local Civil Rule 7 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of

.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

_____

all papers or parts thereof referred to in an affidavit shall be
attached thereto or served therewith.  The court may permit
affidavits to be supplemented or opposed by depositions, answers
to interrogatories, or further affidavits.  When a motion for
summary judgment is made and supported as provided in this rule,
an adverse party may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERMAINE DIXON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 07-1687 (RJL) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY , | ) | |
| U.S. ATTORNEY GENERAL, | ) | |
| WILLIAM G. STEWART, | ) | |
| ACTING ASSISTANT DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendant respectfully submits this statement of material facts as to which there is no genuine dispute:

1.  On January 16, 2007, EOUSA received a copy of plaintiff's September 11, 2006 FOIA request.   Finnegan Dec at ¶7.   The request asked for a copy of the following information:

(1).  Each date the grand jury convened in Indictment No, 01-CR-984 pursuant to defendant JERMAINE DIXON.

(2).  The date the grand jury was discharged by the Honorable District Judge.

(3).  The name of the Honorable District Judge presidingg [sic] at that time.

(4).  The name of the Fore Person; and the name of the grand jury Deputy Fore Person pursuant to defendant JERMAINE DIXON Indictment No. 01-CR-984.

(5).  The number of jurror's [sic] concurred and the number of jurror's [sic] that

voted to Indict defendant JERMAINE DIXON pursuant to Indictment No. 01-CR-984.

(6). The name of the Honorable District Court Judge Indictment No. 01-CR-984 was returned into open court pursuant to defendant JERMAINE DIXON.

(7). The date the Honorable District Court Judge appointed one of the jurro's [sic] to be the Fore Person and Deputy Fore Person in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(8). The date the extension of service was given to the grand jury if any, and the expiration date of such extension in Indictment No. 01-CR-984 pursuant to the defendant JERMAINE DIXON.

(9). This writer also respectfully request [s] a copy of the above grand jury Transcripts.

(10). The date the grand jury returned the superseding Indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(11). Each date the grand jury convened on the superseding indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(12). The name of the Honorable District Court Judge [who] presided over Indictment No. 01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Court Judge pursuant to Indictment No. 01-CR-984 of defendant JERMAINE DIXON

and the name the Honorable District Judge.

(15).  This writer respectfully request[s] a copy of the superseding Indictment

Grand Jury Transcripts.

P.S.  this writer respectfully request[s] a computer printout of this information of

1-15.

Finnegan Dec at ¶7.

2.    By letter dated January 24, 2007, EOUSA acknowledged receipt of Plaintiff's request, and

advised plaintiff  that the request had been split into two separate files  –  07-63 and 07-64.  *Id.* at

¶9.

3.    EOUSA's January 24, 2007 letter concerning file no. 07-63 advised Plaintiff that the files of

the United States Attorneys are located in more than 100 separate offices throughout the country;

and, asked that he identify the specific U.S. Attorney's Office(s) where he believes the requested

records are maintained, or the district where the prosecution or litigation occurred. R1 at p. 7-8 &

Finnegan Dec at ¶9.   The letter advised Plaintiff that file 07-63 was being closed, and that if he

submitted a new corrected request, a new request file would be opened.  EOUSA also advised

Plaintiff that he could appeal this decision by writing to the Office of Information and Privacy

("OIP"), Department of Justice.  *Id.*

4.    By a second  letter dated January 26, 2007, EOUSA advised Plaintiff that the other file

opened for his request had been assigned file no. 07-64, and that this file covered that part of his

request seeking access to grand jury transcripts.  R1 at p. 9.  In this letter, EOUSA categorically

denied Plaintiff access to the grand jury transcripts requested because the material was exempt

from mandatory release pursuant to 5 U.S.C. § 552(b)(3) and Federal Rule of Criminal Procedure

6(e).  EOUSA also advised Plaintiff that he could appeal this decision by writing to OIP.   *Id. &*

Finnegan Dec at ¶10.

5.     By letter dated February 1, 2007, plaintiff appealed the denial of his September 11, 2002

FOIA request in an administrative appeal with OIP.  R1 at p.  13.  He stated that he had not

received a response within 20 days and thus considered his request denied;  he stated that he had

received a letter from EOUSA dated January 24, 2007, in Request No. 07-63.    In addition,

Plaintiff stated that he also had received a letter from EOUSA dated January 26, 2007, in Request

No. 07-64. He specifically objected to the full denial of his access to grand jury transcripts.  R1 at

p. 13.


                              Respectfully submitted,


                              _____/s/_____
                              JEFFREY A. TAYLOR, D.C. Bar #498610
                              United States Attorney


                              _____/s/_____
                              RUDOLPH  CONTRERAS, D.C. Bar #  434122
                              Assistant United States Attorney


                              _____/s/_____
                              RHONDA C. FIELDS
                              Assistant United States Attorney
                              Civil Division
                              555 Fourth Street, N.W.
                              Washington, D.C.  20530
                              202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERMAINE DIXON,                        )
                                       )
      Plaintiff                        )        Civil Action No. 07-1687 (RJL)
                                       )
      v.                               )
                                       )
MICHAEL B. MUKASEY ,                   )
      U.S. ATTORNEY GENERAL,           )
WILLIAM G. STEWART,                    )
      ACTING ASSISTANT DIRECTOR,       )
                                       )
      Defendants.                      )
_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Plaintiff's complaint seeks the Court to "compel the United States Department of Justice to

disclose and produce by LIONS Computer printout[2], each date grand jury convened in case #01-

Cr-984. . ." other information pertaining to said grand jury, and grand jury transcripts. " R 1 at p.

5,[3] Complaint at § V.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff submitted a Freedom of Information Act Request dated September 11, 2006,

addressed to "United States Attorney'(s) Office, 950 Pennsylvania Avenue N.W. Washington,

---

[2]  The "LIONS" system is " the computer system used by U.S. Attorneys' offices to track cases and retrieve files pertaining to cases and investigations . . . .  *Neal v. Snow*,  2007 WL 1169339, *2 (D.D.C.2007).

[3]  "R" refers to the Document Number in the District Court Docket for this matter.

D.C. 20530."  R1 at p. 10.    It appears that by letter dated September 23, 2006, the Facilities and

Administrative Services Staff, Justice Management Division (JMD), sent plaintiff a response in

which it requested that plaintiff complete a Certification of Identity "with a request for records

directly to the component(s) you have selected at the address(es) shown on the enclosed List of

Department of Justice Components, Functions and Records Maintained." R1 at p.6.

Plaintiff sent a letter dated January 9, 2007 to the Deputy Director, Office of Information

and Privacy, concerning his September 11, 2006 FOIA request and its return to him via JMD's

September 26 letter.  R1 at p. 12.    Plaintiff  appealed the lack of response to his request. R1 at

p. 12.

On January 16, 2007, EOUSA received a copy of plaintiff's September 11, 2006 FOIA

request.   Finnegan Dec at ¶7.   The request asked for a copy of the following information:

(1).  Each date the grand jury convened in Indictment No, 01-CR-984 pursuant to
defendant JERMAINE DIXON.
(2).  The date the grand jury was discharged by the Honorable District Judge.
(3).  The name of the Honorable District Judge presidingg [sic] at that time.
(4).  The name of the Fore Person; and the name of the grand jury Deputy Fore
Person pursuant to defendant JERMAINE DIXON Indictment No. 01-CR-984.
(5).  The number of jurror's [sic] concurred and the number of jurror's [sic] that
voted to Indict defendant JERMAINE DIXON pursuant to Indictment No. 01-CR-
984.
(6).  The name of the Honorable District Court Judge Indictment No. 01-CR-984
was returned into open court pursuant to defendant JERMAINE DIXON.
(7).  The date the Honorable District Court Judge appointed one of the jurro's
[sic] to be the Fore Person and Deputy Fore Person in Indictment No. 01-CR-984
pursuant to defendant JERMAINE DIXON.
(8).  The date the extension of service was given to the grand jury if any, and the
expiration date of such extension in Indictment No. 01-CR-984 pursuant to the
defendant JERMAINE DIXON.
(9).  This writer also respectfully request [s] a copy of the above grand jury
Transcripts.
(10).  The date the grand jury returned the superseding Indictment in Indictment
No. 01-CR-984 pursuant to defendant JERMAINE DIXON.
(11).  Each date the grand jury convened on the superseding indictment in
Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.
(12).  The name of the Honorable District Court Judge [who] presided over

2

Indictment No. 01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Court Judge pursuant to Indictment No. 01-CR-984 of defendant JERMAINE DIXON and the name the Honorable District Judge.

(15). This writer respectfully request[s] a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request[s] a computer printout of this information of 1-15.

Finnegan Dec at ¶7.

By letter dated January 24, 2007, EOUSA acknowledged receipt of plaintiff's request, and advised plaintiff that the request had been split into two separate files – 07-63 and 07-64. *Id.* at ¶9. (File no. 07-63 covered those items of the request seeking access to grand jury dates and other information. R1 at p. 7-8. File no. 07-64 covered grand jury transcripts. R1 at p. 9.) EOUSA's January 24, 2007 letter concerning file no. 07-63 also advised plaintiff that the files of the United States Attorneys are located in more than 100 separate offices throughout the country; and, asked that he identify the specific U.S. Attorney's Office(s) where he believes the requested records are maintained, or the district where the prosecution or litigation occurred. R1 at p. 7-8 & Finnegan Dec at ¶9. The letter advised plaintiff that file 07-63 was being closed, and that if he submitted a new corrected request, which identified the U.S. Attorney's Office or the district to be searched for responsive records, a new request file would be opened. EOUSA also advised plaintiff that he could appeal this decision by writing to the Office of Information and Privacy ("OIP"), Department of Justice. *Id.*

By a second letter dated January 26, 2007, EOUSA advised Plaintiff that the other file opened for his request had been assigned file no. 07-64, and that this file covered that part of his request seeking access to grand jury transcripts. R1 at p. 9. In this letter, EOUSA categorically

denied plaintiff access to the grand jury transcripts requested because the material was exempt

from mandatory release pursuant to 5 U.S.C. § 552(b)(3) and Federal Rule of Criminal Procedure

6(e). EOUSA also advised plaintiff that he could appeal this decision by writing to OIP. *Id. &*

Finnegan Dec at ¶10.

By letter dated March 13, 2007, the Office of Information and Privacy (OIP)

acknowledged receipt on January 19, 2007, of plaintiff's administrative appeal of Request No.

07-63, and assigned it appeal no. 07-0789. Finnegan Dec at Ex. F (first document). Another

letter dated March 13, 2007 acknowledged receipt on January 19, 2007, of plaintiff's

administrative appeal in Request No 07-64 and assigned it appeal no. 07-0790. *Id*. (second

document.).

By letter dated April 20, 2007, OIP responded to plaintiff's letter dated January 9, 2007.

Finnegan Dec. at Ex G. It advised plaintiff that his appeal from the alleged failure of EOUSA to

respond to his request was moot due to the January 24 and 26, 2007 responses from EOUSA.

Finnegan Dec at ¶13.

By letter dated February 1, 2007, plaintiff appealed the denial of his September 11, 2002

FOIA request in a second administrative appeal with OIP. R1 at p. 13; Finnegan Dec. at Ex E.

He stated that he had not received a response within 20 days and thus considered his request

denied; he stated that he had received a letter from EOUSA dated January 24, 2007, in Request

No. 07-63. In addition, plaintiff stated that he also had received a letter from EOUSA dated

January 26, 2007, in Request No. 07-64. He specifically objected to the full denial of his access

to grand jury transcripts. R1 at p. 13; Finnegan Dec. at ¶11.

It does not appear the OIP responded to plaintiff's letter dated February 1, 2007.

4

## ARGUMENT

**Standards for Motions to Dismiss and for Summary Judgment**

The Court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in Plaintiff's favor, that Plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp., 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted). Thus, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276.

In resolving a motion to dismiss for failure to state a claim, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A pro se pleading is to be liberally construed by the Court. Erickson v. Pardus, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted). Accordingly, pro se plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal, 16 F.3d at 1276.

*Brunsilius v. U.S. Dept. of Energy*, 514 F.Supp.2d 30, 33 (D.D.C.2007).

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if

applicable, that the documents are exempt from disclosure. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence ... of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382 (8th Cir. 1985). The declaration in this matter was provided by an individual familiar with the steps taken by defendant in responding to plaintiff's request. Since it demonstrates that the defendant met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law, summary judgment should be granted to the defendant concerning its response to plaintiff's request.

**Claims Against the Individual Defendants Should Be Dismissed**

Only federal agencies are proper party defendants in a FOIA case. 5 U.S.C. § 552 (a)(4)(B). *Harrison v. Lappin*, 2005 WL 752186, *3 (D.D.C.2005); *Stone v. FBI*, 816 F.Supp. 782, 785 (D.D.C.1993) (individual employees of the federal government are not subject to suit under FOIA). Therefore, claims against the individual defendants should be dismissed and the Department of Justice should be substituted as the defendant.

**Processing of Plaintiff's FOIA Request-Exhaustion**

The relevant agency regulations provide that

> If you cannot determine where within the Department to send your request, you may send it to the FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW., Washington, DC 20530-0001. That office will forward your request to the component(s) it believes most likely to have the records that you want. **Your request will be considered received as of the date it is received by the proper component's FOIA office**. For the quickest possible handling, you should mark both your request letter and the envelope "Freedom of Information Act Request."

28 C.F.R. § 16.39(a). The proper FOIA office for plaintiff's request was "Executive Office for United States Attorneys, U.S. Department of Justice, BICN Bldg., Room 7100, Washington, DC 20530-0001." 28 C.F.R. Pt. 16, App. I . The EOUSA did not receive plaintiff's FOIA request until January 16, 2007. Finnegan Dec at ¶7.

By letter dated January 24, 2007, EOUSA advised plaintiff that he needed to identify the applicable USAO or District where the records might be maintained, advised the plaintiff that it was closing that part of his request seeking grand jury dates and other information, File No. 07-63, and would open a new file upon receipt of the requested information. Finnegan Dec at ¶9. EOUSA also advised plaintiff that he could appeal this decision by writing to the Office of Information and Privacy ("OIP"), Department of Justice. _Id._ By letter dated January 26, 2007, EOUSA advised plaintiff that the other file opened for his request had been assigned File No. 07-64, and that this file covered that part of his request seeking access to grand jury transcripts. In this letter, EOUSA categorically denied plaintiff access to the grand jury transcripts requested because this material was exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3) and Federal Rule of Criminal Procedure 6(e). EOUSA also advised plaintiff that he could appeal this decision by writing to OIP. Finnegan Dec at ¶10. Therefore, EOUSA did respond to plaintiff's request within 20 days of its receipt of the request.

7

By letter dated February 1, 2007, plaintiff appealed the denial of his September 11, 2002 FOIA request in a second administrative appeal to OIP.  R1 at p. 13.  He stated that he had not received a response within 20 days and thus considered his request denied;  he stated that he had received a letter from EOUSA dated January 24, 2007, in Request No. 07-63.    In addition, plaintiff stated that he also had received a letter from EOUSA dated January 26, 2007, in Request No. 07-64.  He specifically objected to the full denial of his access to grand jury transcripts, because "the Grand Jury's investigation has long since ceased so the need for secrecy has become less relevant."  R1 at p. 13; Finnegan Dec at ¶11.

It does not appear that OIP responded to plaintiff's February1, 2007 letter.

EOUSA does not consider pro se plaintiff's  February 1, 2007 letter to be an appeal of EOUSA's actions pertaining to both file numbers 07-63 and 07-64.  *See* Finnegan Dec. at ¶11 and 14.   Therefore, EOUSA contends that plaintiff failed to administratively exhaust file no. 07-63. *Id.* at ¶14.

### Plaintiff's Request Did Not Comply with DOJ Regulations

The FOIA obligates an agency to process a request that, among other things, "is made in accordance with published [agency] rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).  *Maydak v. U.S. Dept. of Justice*,  254 F.Supp.2d 23, 44 -45 (D.D.C.2003); *West v. Jackson*, 448 F.Supp.2d 207, 211 (D.D.C. 2006) (noting that "[a] requester must comply with an agency's published regulations for filing a proper FOIA request"); *Ivey v. Snow*, 2006 W.L. 2051339, *3 (D.D.C. 2006); *Dale v. Internal Revenue Service*, 238 F.Supp.2d 99, 103 (D.D.C. 2002) ("[f]ailure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal.");  *Antonelli v. ATF*, 2006 WL 141732, at *2 (D.D.C. March 17, 2006) (granting agency's motion for summary judgment,

because requester failed to exhaust administrative remedies when he refused to identify which of more than 100 systems of records his request concerned).

FOIA requires that a request "reasonably describe" the records sought. 5 U.S.C § 552(a)(3)(A);  *National Ass'n of Criminal Defense Lawyers v. U.S. Dept. of Justice*, 2006 WL 666938, *1 -2  (D.D.C.2006).   *See Judicial Watch, Inc. v. Export-Import Bank,* 108 F.Supp.2d 19, 27 (D.D.C.2000) ("A description of the requested documents is adequate if it enables a professional agency employee familiar with the subject area to locate the record with a reasonable amount of effort."). *Truitt v. Department of State*,  897 F.2d 540, 544 (D.C.Cir.1990)("To be sure, a request which fails to 'reasonably describe [ ]' the documents sought does not trigger a search of agency records."). *See also Ruotolo v. Department of Justice, Tax Div.*,  53 F.3d 4, 8 (2ⁿᵈ Cir. 1995) ("Whether the information sought is reasonably identifiable is a question that must be resolved on plenary review, and the mere determination by an agency, . . . that the material sought cannot be reasonably identified, will not serve to bar that plenary review. ") (*Citing Hudgins v. IRS, 620 F.Supp*. 19, 21 (D.D.C.1985) *aff'd*, 808 F.2d 137 (D.C.Cir.), *cert. denied*, 484 U.S. 803 (1987).

The applicable Department of Justice regulations advise FOIA requesters as follows:

(b) Description of records sought. You must describe the records that you seek in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record.  **In addition, if you want records about a court case, you should provide** the title of the case, **the court in which the case was filed,** and the nature of the case. If known, you should include any file designations or descriptions for the records that you want. As a general rule, the more specific you are about the records or type of records that you want, the more likely the Department will be able to locate those records in response to your request. **If a component determines that your request does not reasonably describe records, it shall tell you either what additional information is needed or why your request is otherwise insufficient. The component also shall give you an opportunity to discuss your request so that you may modify**

**it to meet the requirements of this section. If your request does not reasonably describe the records you seek, the agency's response to your request may be delayed.**

28 C.F.R. § 16.3.

In the instant matter, plaintiff supplied only his name and the docket number of his indictment. Pursuant to 28 C.F.R. § 16.3, the EOUSA asked for information identifying the United States Attorney's Office or the District where the records were likely located. EOUSA submits that since the request does not comply with DOJ's published FOIA regulations, there is no obligation on EOUSA to take further action on the request. There are more than 100 offices where United States Attorney's Office records are maintained. It is a simple matter for the plaintiff to identify the USAO(s) or District(s) where he was prosecuted and which might have the requested records pertaining to his indictment. The plaintiff failed to submit the additional information requested – the identity of the USAO or District in which the information might be found. The defendant made a good faith attempt to acquire the additional information from plaintiff, as is required by the regulations. 28 C.F.R. § 16.3(b). Therefore, the plaintiff failed to perfect his FOIA request and failed to "reasonably describe" the records he was requesting.

**Defendant Properly Asserted FOIA Exemption 3**

Title 5 U.S.C. § 552(b)(3) (Exemption 3) allows for the deletion of information "specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *National Ass'n of Home Builders v. Norton*, 309 F.3d 26, 36-37, (D.C.Cir. 2002):

> Thus, "only explicit nondisclosure statutes that evidence a congressional determination that certain materials ought to be kept in confidence will be

10

sufficient to qualify under the exemption." *Irons and Sears v. Dann,* 606 F.2d
1215, 1220 (D.C.Cir.1979).

*Id.* at 37.

Federal Rule of Criminal Procedure 6(e)(2) prohibits (with exceptions not applicable to

this matter) an attorney for the government from disclosing "matters occurring before [a] grand

jury." *See Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1113 (D.C. Cir.2007).

The Court of Appeals for this Circuit has limited the exception to material that, if disclosed,

would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the

identities of witnesses or jurors, the substance of testimony, the strategy or direction of the

investigation, the deliberations or questions of jurors, and the like." *Maydak v. U.S. Dept. of

Justice*, 254 F.Supp.2d 23, 42(D.D.C. 2003)(*citing Senate of the Com. of Puerto Rico on Behalf

of Judiciary Committee v. U.S. Dept. of Justice*, 823 F.2d 574, 582 (D.C. Cir.1987). This

Circuit also has approved "categorical" denial of access to matters clearly within the purview of

Rule 6(e). *Lopez v. Department of Justice*, 393 F.3d 1345, 1349-50 (D.C.Cir. 2005).

EOUSA categorically denied Plaintiff access to the grand jury transcripts requested.

Grand jury transcripts, if any, would reflect the actual testimony of witnesses, questions,

comments of grand jurors, and other matters occurring before the grand jury. Therefore,

categorical denial was appropriate. EOUSA also properly could have made a categorical denial

of the identities of members of the Grand Jury. *Maydak*, 254 F.Supp.2d at 42.

**Reasonably Segregable Portions of Records.**

The District of Columbia Circuit has held that a District Court considering a FOIA action

has "an affirmative duty to consider the segregability issue sua sponte." *Trans-Pacific Policing

Agreement v. U.S. Customs Service*, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires

that if a record contains information that is exempt from disclosure, any "reasonably segregable"

information must be disclosed after deletion of the exempt information unless the non-exempt

portions are "inextricably intertwined with exempt portions."  5 U.S.C. § 552(b); *Mead Data*

*Cent., Inc. v. U.S. Dept. of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  In this case, the

EOUSA  categorically denied Plaintiff access to the grand jury transcripts requested.  There are

no segregable portions of a transcript of matters occurring before a grand jury.


.  **CONCLUSION**

For the forgoing reasons, defendants' motion should be granted and plaintiff's complaint

should be dismissed.


Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2008,, a copy of the foregoing Motion to Dismiss and for Summary Judgment was mailed, postage prepaid to plaintiff pro se

JERMAINE DIXON
R51921-019
CANAAN
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PA 18472


_____//s/_____
Rhonda C. Fields
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JERMAINE DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-CV-1687(RJL) |
| | ) |
| | ) |
| ALBERTO GONZALEZ, U.S. ATTORNEY | ) |
| GENERAL, WILLIAM G. STEWART II, | ) |
| ACTING ASSISTANT DIRECTOR, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF KAREN M. FINNEGAN

I, Karen M. Finnegan, declare the following to be a true and correct statement of facts:

1.) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§ 552a.

2.) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Jermaine Dixon, which forms the basis for this litigation.

3.) My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 *et seq.* and § 16.40 *et seq.*; and defending EOUSA's position in litigating challenges to EOUSA's initial actions.

4.) My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing proposed responses made to those requests.

5.) The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

6.) The purpose of this declaration is to provide the Court and Plaintiff with an explanation of the handling of his access request. This declaration is submitted in support of Defendant's Motion to Dismiss and For Summary Judgement.

## CORRESPONDENCE

2

7.) On January 16, 2007, EOUSA received Plaintiff's September 11, 2006, request for access to the following information:

> "(1). Each date the grand jury convened in Indictment No, 01-CR-984 pursuant to defendant JERMAINE DIXON.
>
> (2). The date the grand jury was discharged by the Honorable District Judge.
>
> (3). The name of the Honorable District Judge presidingg [sic] at that time.
>
> (4). The name of the Fore Person; and the name of the grand jury Deputy Fore Person pursuant to defendant JERMAINE DIXON Indictment No. 01-CR-984.
>
> (5). The number of jurror's [sic] concurred and the number of jurror's [sic] that voted to Indict defendant JERMAINE DIXON pursuant to Indictment No. 01-CR-984.
>
> (6). The name of the Honorable District Court Judge Indictment No. 01-CR-984 was returned into open court pursuant to defendant JERMAINE DIXON.
>
> (7). The date the Honorable District Court Judge appointed one of the jurro's [sic] to be the Fore Person and Deputy Fore Person in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.
>
> (8). The date the extension of service was given to the grand jury if any, and the expiration date of such extension in Indictment No. 01-CR-984 pursuant to the defendant JERMAINE DIXON.
>
> (9). This writer also respectfully request [s] a copy of the above grand jury Transcripts.
>
> (10). The date the grand jury returned the superseding Indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.
>
> (11). Each date the grand jury convened on the superseding indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.
>
> (12). The name of the Honorable District Court Judge [who] presided over Indictment No. 01-CR-984 of defendant JERMAINE

DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Court Judge pursuant to Indictment No. 01-CR-984 of defendant JERMAINE DIXON and the name the Honorable District Judge.

(15). This writer respectfully request[s] a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request[s] a computer printout of this information of 1-15."

**(See Exhibit A.)**

8.) By letter dated January 9, 2007, Plaintiff filed an administrative appeal with OIP in which he appeared to appeal from the failure of EOUSA to respond to his request within the twenty-day statutory time period. In this letter, Plaintiff also appeared to narrow the scope of his request to the first four items listed in his September 11, 2006, request. **(See Exhibit B.)**

9.) By letter dated January 24, 2007, EOUSA acknowledged receipt of Plaintiff's request, advising that the request was split into two separate files—07-63 and 07-64. EOUSA further advised that Request No. 07-63 covered those items of the request seeking access to grand jury dates. This letter also advised Plaintiff that the files of the United States Attorneys are located in more than 100 separate offices throughout the country; therefore, he must identify the specific U.S.

Attorney's Office(s) where he believes the requested records are maintained, or the district where the prosecution occurred. EOUSA advised Plaintiff that by making the request he has agreed to pay processing fees in the amount of $25, and that EOUSA would notify him if the fees exceeded this amount. Finally, this letter advised Plaintiff that this request would be closed and when he identified the U.S. Attorney's Office or the district to be searched for responsive records a new request file would be opened. EOUSA also advised Plaintiff that he could appeal this decision by writing to the Office of Information and Privacy ("OIP"), Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-001. (See **Exhibit C.**)

10.) By letter dated January 26, 2007, EOUSA advised Plaintiff that the other file opened for his request was assigned Request No. 07-64 and that this request covered that part of his request seeking access to grand jury transcripts. In this letter EOUSA categorically denied Plaintiff access to the grand jury transcripts requested because this material was exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3) and Federal Rule of Criminal Procedure 6(e). EOUSA also advised Plaintiff that he could appeal this decision by writing to OIP. (See **Exhibit D.**)

11.) By letter dated February 1, 2007, Plaintiff filed a second administrative appeal with OIP in which he stated that he received a letter from EOUSA dated January 24, 2007, in Request No. 07-63. In addition, Plaintiff stated that he also received a letter from EOUSA dated January 26, 2007, in Request No. 07-64. In this letter Plaintiff appeared to appeal from the denial of access to the grand jury material. (**See Exhibit E.**)

12.) OIP acknowledged receipt of Plaintiff's appeal in 07-63 by letter dated March 13, 2007, and assigned it appeal number 07-0789. In a second letter dated March 13, 2007, OIP acknowledged receipt of Plaintiff's appeal in 07-64 and assigned it appeal number 07-0790. (**See Exhibit F.**)

13.) By letter dated April 20, 2007, OIP advised Plaintiff that his appeals from the failure of EOUSA to respond to his request were moot due to the January 24 and 26, 2007 responses from EOUSA. (**See Exhibit G.**)

14.) EOUSA has no record of receiving an administrative appeal of its action of January 24, 2007 in Request No. 07-63 from Plaintiff; therefore, Plaintiff has failed to exhaust the administrative remedies available to him prior to filing this Complaint.[1]

------

[1] Although it is not clear that OIP considered Plaintiff's appeal from the denial of access to the grand jury material, EOUSA admits that Plaintiff did

## EOUSA'S DISCLOSURE DETERMINATION
## ADEQUACY OF THE SEARCH

15.) The adequacy of any FOIA search is determined by a test of reasonableness. The FOIA requires a search tailored to the nature of the request and that is reasonably calculated to uncover all relevant documents. The reasonableness of an agency's search depends in part on the requester's description of the records sought.

16.) As stated above, Plaintiff failed to perfect his request by identifying the district(s) to be searched for records responsive to his request. Although EOUSA is the official record-keeper of the records of the U.S. Attorneys Offices, it advised Plaintiff that the actual records of the U.S. Attorneys are located in more than 100 separate offices throughout the country. See supra ¶ 9. Accordingly, pursuant to 28 C.F.R. § 16.3(b), it asked Plaintiff to identify the district(s) in which he believed responsive records existed or where the prosecution occurred so that Departmental personnel could locate them with a reasonable amount of effort. In the absence of this information Plaintiff did not reasonably describe the records

---

exhaust administrative remedies with regard to Request No. 07-64. Moreover, it is clear from the Complaint that Plaintiff is seeking access to the grand jury information that was covered in Request No. 07-63 as well as the grand jury transcripts that were covered in Request No. 07-64.

he sought; therefore, EOUSA lacked the detail necessary to direct that a search be conducted for responsive records.

## EXEMPTION 5 U.S.C. §552(b)(3)
## OTHER FEDERAL NONDISCLOSURE STATUTES

17.) EOUSA has categorically invoked Exemption 3 and Federal Rule of Criminal Procedure 6(e) to deny access to the grand jury transcripts sought in item numbers 9 & 15 of Plaintiff's request, if they exist. Disclosure of this information may reveal the scope and direction of a grand jury proceeding and would reveal the details of grand jury testimony.[2]

18.) Exemption (b)(3) incorporates various nondisclosure provisions that are contained in other federal statutes. For a statute to support withholding information under this exemption, the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

---

[2] Although Plaintiff did not perfect Request No. 07-63 by identifying the name of the district to be searched for records responsive to his request and has failed to exhaust the administrative remedies with regard to this request, EOUSA would also invoke Exemption 3 and Federal Rule of Criminal Procedure 6(e) to deny access to the names of the grand jury Fore Person and Deputy Fore Person requested in item numbers 4 and 13 of Plaintiff's request.

## FEDERAL RULE OF CRIMINAL PROCEDURE 6(e)

19.) Federal Rule of Criminal Procedure ("FRCP") 6(e) regulates disclosure of matters occurring before a grand jury. In order for a Federal Rule of Procedure to qualify as "a statute" it must have been affirmatively enacted into law by Congress. Rule 6(e) has been held to meet this "statute" requirement, since it was affirmatively enacted by Congress in 1977. Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the form in which the material is substantively contained. Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

20.) EOUSA invoked FRCP 6(e) and Exemption 3 categorically because release of grand jury transcripts of testimony would reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence

produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the government sought to find evidence to develop its case, how the government developed its case, and who the government relied upon to develop the elements of crimes. For these reasons, EOUSA categorically invoked Exemption 3 and FRCP 6(e) to deny access to any responsive grand jury transcripts, if they exist.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and G attached hereto are true and correct copies.

Executed this 17th day of January, 2008.

Karen M. Finnegan

KAREN M. FINNEGAN
Attorney Advisor
EOUSA

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act**
**Referral/Action Slip** RECEIVED

2007 J. 2007 JAN 16  PM 2:38
JAN CORT. OF JUSTICE EOUSA
LFOIA    FOIA/PRIVACY STAFF

| Clerk: | M. Barnes | Date: |
|---|---|---|

Organization:  JMD/FASS

Building & Room:  LOC, 113

| To | From | To | From |
|---|---|---|---|
| ❏ | ❏ **Office of Information & Privacy** | ❏ | ❏ Immigration Review, Executive Office for |
| | _____ | | ❏ Inspector General, Office of |
| | _____ | ❏ | ❏ Intelligence Policy and Review, Office of |
| | _____ | | ❏ INTERPOL, U.S. National Central Bureau |
| ❏ | ❏ Antitrust Division | ❏ | ❏ Justice Management Division Staff: _____ |
| ❏ | ❏ Bureau of Alcohol, Tobacco, Firearms and Explosives | ❏ | ❏ Justice Programs, Office of |
| ❏ | ❏ Civil Division | ❏ | ❏ Legal Counsel, Office of |
| ❏ | ❏ Civil Rights Division | ❏ | ❏ National Drug Intelligence Center |
| ❏ | ❏ Community Relations Service | ❏ | ❏ Pardon Attorney, Office of |
| ❏ | ❏ Community Oriented Policing Services | ❏ | ❏ Professional Responsibility Advisory Office |
| ❏ | ❏ Criminal Division | ❏ | ❏ Professional Responsibility, Office of |
| ❏ | ❏ Dispute Resolution, Office of | ❏ | ❏ Solicitor General, Office of |
| ❏ | ❏ Drug Enforcement Administration | ❏ | ❏ Tax Division |
| ❏ | ❏ Environment & Natural Resources Division | ☑ | ❏ U.S. Attorneys, Executive Office for |
| ❏ | ❏ Federal Bureau of Prisons | ❏ | ❏ U.S. Marshals Service |
| ❏ | ❏ Federal Bureau of Investigation | ❏ | ❏ U.S. Parole Commission |
| ❏ | ❏ Federal Detention Trustee, Office of | ❏ | ❏ U.S. Trustees, Executive Office for |
| ❏ | ❏ Foreign Claims Settlement Commission | ❏ | ❏ _____ |

Requester:  Jermaine Dixon

Ref:  Case No. 01-CR-984

Date of Request:  September 11, 2006

Received By:  FOIA/PA Mail Referral Unit          Type of Request:  FOI/PA

Remarks:  Requester advised of this referral.

**GOVERNMENT EXHIBIT**
A

FORM JMD-481
Rev. Mar. 2004

# FREEDOM OF INFORMATION ACT REQUEST

FOIA

Date: **September 11, 2006**

Name of Agency: **United States Attorny'(s) Office**

   Address: **950 Pennsylvania Avenue N.W. Washington,**

   City/State/Zip: **D.C. 20530**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

**(1). Each date the grand jury convened in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.**

**(2). The date the grand jury was discharged by the Honorable District Judge.**

**(3). The name of the Honorable District Judge presidingg at that time.**

**(4). The name of the Fore Person; and the name of the grand jury Deputy Fore Person**
**[See: ATTACHMENT]**

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

_Jermaine Dixon_
(Name)

_51921-019_    A2
ID Number    (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

<u>ATTACHMENT TO FOIA REQUEST</u>

pursuant to defendant JERMAINE DIXON Indictment No.01-CR-984.

(5). The number of jurror's concurred and the number jurror's that voted to Indict defendant JERMAINE DIXON pursuant to Indictment No.01-CR-984.

(6). The name of the Honorable District Court Judge Indictment No.01-CR-984 was returned into open court pursuant to defendant JERMAINE DIXON.

(7). The date the Honorable District Court Judge appointed one of the jurro's to be the Fore Person and Deputy Fore Person in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(8). The date the extension of service was given to the grand jury if any, and the expiration date of such extention in Indictment No.01-CR-984 pursuant to the defendant JERMAINE DIXON.

(9). This writer also respectfully request a copy of the above grand jury Transcripts.

(10). The date the grand jury returned the superseding Indictment in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(11). Each date the grand jury convened on the superseding indictment in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(12). The name of the Honorable District Court Judge presided over Indictment No.01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Judge pursuant to Indictment No.01-CR-984 of defendant JERMAINE DIXON and the name the Honorable District Judge.

(15). This writer respectfully request a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request a computer printout of this infomation of 1-15.

RESPECTFULLY SUBMITTED

Dated   September 11,2006          BY: _Jermaine Dixon_____

Mr. Jermaine Dixon Reg.No.51921-019
USP Pollock, P.O.Box 2099 Pollock,
La 71467

U.S. Department of Justice                    **Certification of Identity**                    

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    _Jermaine T Dixon_

Citizenship Status [2]    _Yes_              Social Security Number [3]  _062 - 62 - 0672_

Current Address  _U.S.p Polloc     P.O. box 2099 Pollock LA 71467_

Date of Birth  _9-21-74_              Place of Birth  _Brookly N.Y._

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    _Jermaine Dixon_                    Date  _10-5-06_

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

---

**Print or Type Name**

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all pertaining to you.
[4] Signature of individual who is the subject of the record sought.

OFFICE OF INFORMATION
AND PRIVA

JAN 1 9 2007

RECEIVED

Jermaine Dixon
Reg.No 51921-019
United States Penitentiary
Pollock, P,O,B. 2099 Poll-
ock, Louisiana 71467

1-07-0189
2. 07-0790 (A)

EOUSA
but see
Comments
( info still
not supplied)
Closed
1. #07-63 - 1/24/07
No Dist.
2. #07-64 Closed
1/24/07
Full Denial

January 9,2007

Deputy Director
Office of Infomation and
Privacy Act Department of
Justice Suite 570, Flag.
Building Washington, D.C.
20530-0001

Re; FREEDOM OF INFOMATION/PRIVACY
ACT APPEAL

Dear Sir/Ma'am:

This writer contend that he respectfully submit this request to appeal
under the Freedom of Infomation Act of his September 11,2006, request for
documents which subsequently, was returned to him on September 26,2006,be-
cause of his failure to submit his date of birth (DOB) & Social Security
Number along with my Freedom of Infomation request as follows:

(1).Each date the grand jury convened in Indictment No.01-CR-984 pur-
    suant to defendant Jermaine Dixon,

(2).The date the grand jury was discharged by the Honorable District
    Judge.

(3).The name of the Honorable District Judge presiding at that time..

(4).The name of the fore Fore Person; and the name of the grand jury
    Deputy Fore Person  ect. See also: Exhibit-(A).

Thus, this writer contend no response has been provided by the Freedom
of Infomation/Privacy Act Unit within its time limitation as required under
(USC Title 5 §552a(E) and hereby respectfully submit this appeal to be app-
ropiate addressed.

Respectfully SUBMITTED
BY: Jermaine Dixon
    Jermaine Dixon
    Reg.No. 51921-019
    USP Pollock, P.O.Box
    2099 Pollock, Louisiana
    71467

DATED: JANUARY 9,2007



GOVERNMENT
EXHIBIT
B

EXHIBIT – (A)

# FREEDOM OF INFORMATION ACT REQUEST

'Date: **September 11, 2006**

Name of Agency: **United States Attorny'(s) Office**

Address: **950 Pennsylvania Avenue N.W. Washington,**

City/State/Zip: **D.C. 20530**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

(1). **Each date the grand jury convened in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.**

(2). **The date the grand jury was discharged by the Honorable District Judge.**

(3). **The name of the Honorable District Judge presidingg at that time.**

(4). **The name of the Fore Person; and the name of the grand jury Deputy Fore Person**
**[See: ATTACHMENT]**

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

*Jermaine Dixon*
(Name)

51921-019        A2
ID Number              (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

pursuant to defendant JERMAINE DIXON Indictment No.01-CR-984.

(5). The number of jurror's concurred and the number jurror's that voted to Indict defendant JERMAINE DIXON pursuant to Indictment No.01-CR-984.

(6). The name of the Honorable District Court Judge Indictment No.01-CR-984 was returned into open court pursuant to defendant JERMAINE DIXON.

(7). The date the Honorable District Court Judge appointed one of the jurro's to be the Fore Person and Deputy Fore Person in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(8). The date the extension of service was given to the grand jury if any, and the expiration date of such extention in Indictment No.01-CR-984 pursuant to the defendant JERMAINE DIXON.

(9). This writer also respectfully request a copy of the above grand jury Transcripts.

(10). The date the grand jury returned the superseding Indictment in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(11). Each date the grand jury convened on the superseding indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(12). The name of the Honorable District Court Judge presided over Indictment No.01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Judge pursuant to Indictment No.01-CR-984 of defendant JERMAINE DIXON and the name the Honorable District Judge.

(15). This writer respectfully request a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request a computer printout of this infomation of 1-15.

RESPECTFULLY SUBMITTED

Dated  September 11,2006                BY: Jermaine Dixon

Mr.Jermaine Dixon Reg.No.51921-019
USP Pollock, P.O.Box 2099 Pollock,
La 71467

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478 JAN 2

---

Requester: Jermaine Dixon                                    Request Number: 07-63

Subject of Request: Self (Grand Jury-Dates)

Dear Requester:

Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which prosecution or litigation occurred.

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a free waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

[ X ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
  07-64

(Page 1 of 2)

Form No. 003B - 2/06

GOVERNMENT
EXHIBIT
C

This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

(Page 2 of 2)

Form No. 003B - 2/06



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757   Fax 202-616-6478

Request Number: __07-64_____     Date of Receipt: ___January 16, 2007_____

Requester: __Jermaine Dixon_____

Subject of Request: __Self (Grand Jury Transcripts, etc.)_____

JAN 2 6 2007

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of
Information Act/Privacy Act request. It has been assigned the above number.

Grand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3),
which exempts from release "matters specifically exempted from disclosure by statute." Since
Rule 6(e) of the Federal Rules of Criminal Procedure (Pub. L. 95-78, 91 Stat. 319(1977))
provides that grand jury proceedings shall be secret, disclosure of grand jury information is
prohibited by law. Therefore, this is a full denial.

This is our final action on this above-numbered Request. You may appeal my decision
on this request by writing within 60 days from the date of this letter, to **Office of Information
and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington,
D.C. 20530-0001**. Both the envelope and the letter of appeal should be marked "FOIA Appeal."
If you are dissatisfied with the result s of any such administrative appeal, judicial review may
thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Form No. 006A - 2/06



2/27/07

Jup

LT
(A)
USAO
EOUSA

Jermaine Dixon app.
Reg. No. #51921-019
United States Penitentary
Pollock, P.O. Box 2099
Pollock, LA 71467

Febuary 1 2007

Agency Head or Appeal Officer
Office Of Information and
Privacy Act.
Department of Justice
1425 New York Ave, Suite 11050
Washington D.C. 20530-0001

Dear Sir/ma'am:

     This writer contend's that he respectfully submits
this request to appeal the denial of his request under the Freedom of
Information Act in regard to his (Sept 11, 2006) request for documents,
which there was no response to the writer's request. Under the 20 day
compliance rule, thus this writer considerd his request denied. In re-
sponse to the no answer denial of the writer's request, this writer
wrote an appeal letter dated January 9, 2007 again requesting the
same information. in response to writers first appeal letters, this
writer recieved two letter's from, Acting Asst Director William G. Steward.
The first letter post marked January 30 2007, dated January 24, 2007,
with a requester No. 07-63 notifing this writer that his request was
recieved, and also to notify this writer cost's and other regulations.
The second letter this writer recieved post marked January 30, 2007
dated January 26, 2006 with a request No. 06-74 was a full denial of the
information this writer contend's that under 5 U.S.C. § 552(b)(3) Grand
Jury Secrecy, that the Grand Jury's investigation has long since ceased
so the need for secrecy has become less relevant. therefore disclosure
is wholly proper.

Dated Febuary 1 2007

Respectfully Submitted
Jermaine Dixon

Jermaine Dixon
Reg. No. 51921-019
USP Pollock
P.O. Box 2099
Pollock LA 71467



GOVERNMENT EXHIBIT
E
PENGAD-Bayonne, N.J.

# FREEDOM OF INFORMATION ACT REQUEST

·Date: **September 11,2006**

Name of Agency: **United States Attorny'(s) Office**

Address: **950 Pennsylvania Avenue N.W. Washington,**

City/State/Zip: **D.C. 20530**

Dear Sir or Madam:

This is a request under the Freedom of Information Act as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information:

**(1). Each date the grand jury convened in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.**

**(2). The date the grand jury was discharged by the Honorable District Judge.**

**(3). The name of the Honorable District Judge presidingg at that time.**

**(4). The name of the Fore Person; and the name of the grand jury Deputy Fore Person [See: ATTACHMENT]**

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

*Jermaine Dixon*
(Name)

51921-019          A2
ID Number          (Unit)

United States Penitentiary
P.O. BOX 2099
POLLOCK. LA. 71467

ATTACHMENT TO FOIA REQUEST

pursuant to defendant JERMAINE DIXON Indictment No.01-CR-984.

(5). The number of jurror's concurred and the number jurror's that voted to Indict defendant JERMAINE DIXON pursuant to Indictment No.01-CR-984.

(6). The name of the Honorable District Court Judge Indictment No.01-CR-984 was re-turned into open court pursuant to defendant JERMAINE DIXON.

(7). The date the Honorable District Court Judge appointed one of the jurro's to be the Fore Person and Deputy Fore Person in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(8). The date the extension of service was given to the grand jury if any, and the expiration date of such extention in Indictment No.01-CR-984 pursuant to the defendant JERMAINE DIXON.

(9). This writer also respectfully request a copy of the above grand jury Transcripts.

(10). The date the grand jury returned the superseding Indictment in Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(11). Each date the grand jury convened on the superseding indictment in Indictment No. 01-CR-984 pursuant to defendant JERMAINE DIXON.

(12). The name of the Honorable District Court Judge presided over Indictment No.01-CR-984 of defendant JERMAINE DIXON.

(13). The name of the grand jury Fore Person and Deputy Fore Person presiding over the superseding Indictment No.01-CR-984 pursuant to defendant JERMAINE DIXON.

(14). The date the grand jury was discharged by the Honorable District Judge pursuant to Indictment No.01-CR-984 of defendant JERMAINE DIXON and the name the Honorable Dist-rict Judge.

(15). This writer respectfully request a copy of the superseding Indictment Grand Jury Transcripts.

P.S. this writer respectfully request a computer printout of this infomation of 1-15.

RESPECTFULLY SUBMITTED

Dated   September 11,2006          BY: _Jermaine Dixon_
                                  Mr.Jermaine Dixon Reg.No.51921-019
                                  USP Pollock, P.O.Box 2099 Pollock,
                                  La 71467



**U.S. Department of Justice**

Office of Information and Privacy
RECEIVED

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*
2007 MAR 14  PM 2:22
DEPT. OF JUSTICE/EOUSA
FOI

MAR 13 2007

Mr. Jermaine Dixon
Register No. 51921-019
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

Re: Request No. 07-63  *cus*  '/m

Dear Mr. Dixon:

This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on January 19, 2007.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-0789**. Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

Sincerely,

Priscilla Jones
Supervisory Administrative Specialist



GOVERNMENT
EXHIBIT
F

EousA



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

2007 MAR 14  PM 2: 22
DEPT. OF JUSTICE/EOUSA
FOI/PA

MAR 1 3 2007

Mr. Jermaine Dixon
Register No. 51921-019
United States Penitentiary
P.O. Box 2099
Pollock, LA 71467

Re:  Request No. 07-64    1/07

Dear Mr. Dixon:

        This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on January 19, 2007.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-0790**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                                Sincerely,

                                Priscilla Jones
                                Supervisory Administrative Specialist

EousA



**U.S. Department    f Justice**

Office of Information and Privacy

RECEIVED

Telephone: (202) 514-3642          Washington, D.C. 20530

2007 APR 23  PM 3: 21

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

APR 2 0 2007

Mr. Jermaine Dixon
Register No. 51921-019
United States Penitentiary          Re:    Appeal Nos. 07-0789 & 07-0790
Post Office Box 300                        Request Nos. 07-63 & 07-64
Waymart, PA  18472                         ALB:SRO      WGS    KGS

Dear Mr. Dixon:

This responds to your letter of January 9, 2007, in which you attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to fifteen items pertaining to your grand jury indictment as enumerated in your request letter of September 11, 2006.

A member of my staff has looked into this and found that EOUSA split your original request into two separate requests (Request Nos. 07-63 and 07-64). Request No. 07-64 pertains to item numbers five, nine, and fifteen of your request of September 11, 2006, while Request No. 07-63 pertains to the remaining twelve items you requested. EOUSA responded to you by letters of January 24 and January 26, 2007 (copies enclosed). As a result of these responses, your appeals from EOUSA's failure to respond to your request is now moot. Accordingly, I am closing your appeal files in this Office.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure



GOVERNMENT
EXHIBIT
G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERMAINE DIXON,                        )
                                       )
        Plaintiff                      )        Civil Action No. 07-1687 (RJL)
                                       )
        v.                             )
                                       )
MICHAEL B. MUKASEY ,                   )
    U.S. ATTORNEY GENERAL,             )
WILLIAM G. STEWART,                    )
    ACTING ASSISTANT DIRECTOR,         )
                                       )
        Defendants.                    )
_____

ORDER

Upon consideration of defendants' motion to dismiss and for summary judgment, and the

response thereto,  it is hereby

ORDERED, that the complaint is dismissed as to the individual defendants, and it is

further

ORDERED, that the Department of Justice shall be substituted as the party defendant,

and it is further

ORDERED, that the motions of the Department of Justice to dismiss and for summary

judgment are GRANTED.

Date:                    _____
                         UNITED STATES DISTRICT JUDGE