IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY - 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JERMAINE DIXON,                    :       Civil action No. 07-1687 RJL
    Plantiff                   :

v                                  :

ALBERTO GONZALES et al,            :
    Defendant                  :

## PLANTIFF'S RESPONSE TO THE JUSTICE DEPARTMENT'S MOTION FOR SUMMARY JUDGEMENT

    Comes now the Plantiff to file in traverse to the Justice Department as ordered by this honorable court.

(1) The Plaintiff Dixon asserts that it should not take numerous requests for documents to prove whether a Grand Jury indictment was obtained in a just and proper manner.

(2) When does it become abuse of discretion by EOUSA by not turning over all the documents requested? The documents requested are listed plainly on page two of the Justice Department's motion to dismiss. The Plaintiff's First, Fifth, and Fourteenth Amendments are being violated.

(3) The Plaintiff asserts that the argument wherein the AUSA Rhonda Fields states that, The claims against the individual defendants should be dismissed. The AUSA is truly misplaced in her assertions. See, <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u> 403 U.S. 388, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971). The employees of the FOIA and the Attorney General et al., are

1.

not exempt under the FOIA, a Federal agent or employee acting under color of Federal authority, gave rise in Bivens to a Federal cause of action for damages consequent upon the agents unconstitutional conduct.

The employees of the Justice Department can not assert that the documents in question are "confidential" whithin the meaning of Freedom of Information act exemption (5 USCS § 552(b)(7)(D). See, United States Department of Justice v. Fandano, 508 US-, 124 L.Ed.2d 84, 113 S.Ct.(1993). There are no confidential informants involved in the instant case of Dixon. The Grand Jury information that the Plantiff seeks is not directly related to a crime that will support an inferrence of confidentiality. See, Lando supra.

The Petitioner asserts that the ground rules are; we begin our analysis by acknowledging the basic ground rules. The basic goal of the Freedom of information Act is to open up agencies to public scrutiny. How much more so should the files be opened up for a Plantiff who is seeking to find out whether the Grand Jury process was obtained in a "Just and Proper" manner. See, Department of Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed. 2d 11 (1976). Exemptions are to be narrowly construed. Id. at 361, 96 S.Ct. at 1599, and the government must carry the burden of proving the applicability of an exemption. See, Department of State v. Ray   U.S.    ,    , 112 S.Ct. 541,547,116 L.Ed. 2d 526 (1991); Ingle, 698 F.2d at 264.

The Petitioner asserts that the Summary Judgement Motion should be dismissed or in the alternative set aside because there are genuine issues of material fact to be resolved. The EOUSA and et, al., by not providing the documents requested the plaintiff can not benefit from the documents while on appeal. This is a direct violation of the First, Fifth, and Fourteenth Amendments. The exercise of due diligence by the Plantiff is shown by the Justice Departments own statement of material facts not in genuine dispute. See, also Massey v F.B.I. 3F. 3d 620 (2nd cir. 1993) In the case of the instant Petitioner Dixon, the documents re-

quested have never been turned over to Dixon. In Massey supra, the Court of Appeals ruled and remanded the case back to the District Court.

(4) The Plantiff asserts that the declaration of Karen M. Finnegan, attorney advisor to EOUSA, is sufficient to justify withholding of Grand Jury information. To deny a case where Plantiff's liberty is at stake is a direct unconstitutional action. That action is a violation of the criminal justice process of the United States of America. It is also violative of the Founding Fathers' intent when the Constitution was drafted. The simple solution would be to redact, remove the names of the witness, that testified before the Grand Jury. To prove that the proceedings were done in a proper manner, the Foremans name and any other relevant factors, along with the Deputy Foremans name, must be produced along with the redacted names of the witnesses. The plantiff reminds this honorable court of the fact that, the name of the Foreman is in the indictment. See, Rugiero v. U.S. Department of Justice, 257 F.3d 534 (6th cir. 2001).

There is no interest of national security to protect in the case of Dixon's requested documents. To arrive at Justice so that the apperance of Justice will at least satisfy Justice, these documents must be disclosed to the Plaintiff. See, Public Citizens v. Department of State, 276 F.3d 634 (D.C. cir. 2002). Wherein it shows what is an interest of national security. The Petitioner asserts that the Declaration of Karen M. Finnegan is just another rendition of the procedural history, of letters, appeals, and other correspondence between Dixon and the EOUSA.

The Petitioner(s) asserts that the real questions are, Material Fact. Can the Justice Department deny documents that are exculpatory in nature? Documents that may prove that the Plaintiff's issues are very colorful. Can the Justice Department continue to deny Plaintiff his Constitutional Right to these documents that will further the adversarial process?

The Petitioner is entitled to said documents as a matter of law. How can the plaintiff receive Justice without these documents?

The Petitioner asserts that the EOUSA knows where the Grand Jury convened. The Plaintiff was explicit. Valuable time under tolling has been lost.

(5) The Plaintiff advances that if this attempt to deny Justice is allowed, it would be a grave injustice to the Plaintiff's Constitutional Right to persue Justice. All of the requested documents are from the Eastern District of New York, therefore it should provide no problem for the EOUSA to turn over the requested documents.

## CONCLUSION

The plaintiff in this case can not petition the court properly without the documents, listed in the original complaint. This in itself is a First Amendment violation. The Plaintiff asserts that there is no need for secrecy in this case because the Plaintiff is requesting that he be allowed, as a Constitutional Right in this criminal process, where the Sixth Amendment holds, that he, Dixon, has the right to "Face all his Accusers", through the adversarial process; Either at trial, direct appeal, or any post conviction proceeding. The only way to ensure that Justice is met is by starting at the beginning of every legal process. In the case of Dixon the Grand Jury process is the beginning. The EOUSA et al., is standing in the way wilfully and knowingly of Due Process and Equal Protection. There must be a resemblance of Seperation of Powers. Evenhanded Justice must be applied in this case. The Plaintiff is being denied and prevented from filing motions due to governmental action. To prove that the indictment process was done in a proper manner this information must be released.

   The Supreme Court in <u>Landano</u>, 124 L.Ed.2d 84 (1993) held that; the Government is not entitled to a presumption that all sources supplying information to the FBI in the course of a criminal investigation are confidential sources whithin the meaning of exemption 7(D). Therefore the names and dates of individuals that just sat as Grand Jurors and Foreman are not confidential. The names of all Grand Jurors and Foreman exist on all indictments. See, <u>Brady v. Maryland</u>, 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194. The documents requested by Dixon, the Plaintiff are not investigatory records compiled for law enforcement purposes and are not confidential sources.

   Wherefore in light of the foregoing reasons backed by legal principle concerning the requested documents the Plaintiff prays that this honorable Court;

(1) Grant the Plaintiff's request for the EOUSA to turn over all documents in their entirety.
(2) Deny the Motion For Summary Judgement
(3) Instruct the EOUSA to scan all documents to see if any are exempt under FIAO (5 U.S.C.s §552(b)(7)(D), and (5) There should be no probable cause for the Justice Department to appeal whatever this court deems the appropriate relief (6) In addition, should the EOUSA determine no record of Grand Jury Information can be located or does exist with the <u>original</u> or <u>superseding</u> indictment No. 01-cr-984, Plaintiff requests that the Court Instruct EOUSA to verify that these documents do not exist in any files.


Done This ___28___ day of April 2008 at F.C.I. Fort Dix, NJ.


                              Respectfully Submitted,

                              /s/ Jermaine Dixon
                              Jermaine Dixon Reg No. 51921-019
                              F.C.I. Fort Dix
                              P.O. Box 2000, Fort Dix, NJ 08640

## CERTIFICATE OF SERVICE

I Jermaine Dixon, do hereby certify that the original copy of Plaintiff's response in traverse to the Justice Department's Motion for Summary Judgement was sent to the Clerks Office upon the address of the ;

> United States District Court
> For the District of Columbia
> U.S. Courthouse
> 333 Constitution Avenue
> N.W. Washington, D.C. 20001

Also a copy was sent to Rhonda C. Fields AUSA Civil Division, 555 Fourth Street N.W. Washington, D.C. 20530 by U.S. First Class Mail this __28__ day of April 2008.

/s/ Jermaine Dixon
Jermaine Dixon