## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERMAINE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1687 (RJL) |
| | ) | |
| MICHAEL B. MUKASEY[1] *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
### (July _18_, 2008)

In this action brought under the Freedom of Information Act ("FOIA"), plaintiff

challenges the response of the Executive Office for United States Attorneys ("EOUSA") to his

request for records pertaining to his criminal indictment. Defendants, Attorney General Michael

B. Mukasey and Acting Assistant Director William G. Stewart, move to dismiss the complaint

against them and to substitute the Department of Justice ("DOJ") as the proper defendant. They

then move for summary judgment in favor of DOJ pursuant to Rule 56 of the Federal Rules of

Civil Procedure. Upon consideration of the parties' submissions and the entire record, the Court

grants defendants' motion to dismiss and for summary judgment.

### I. BACKGROUND

By letter of September 11, 2006, plaintiff requested 15 items of information from

EOUSA related to "the grand jury convened in Indictment NO. 01-CR-984 pursuant to defendant

Jermaine Dixon." Def.'s Mot., Declaration of Karen M. Finnegan ¶ 7 & Ex. A. In addition to

dates and names of certain individuals, plaintiff requested grand jury transcripts.

---

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

By letter of January 24, 2007, EOUSA informed plaintiff that it had created two separate files. *Id.*, Ex. C.  Request number 07-63 "covered those items of the request seeking access to grand jury dates," Finnegan Decl. ¶ 9, and request number 07-64 "covered that part of [the] request seeking access to grand jury transcripts." *Id.* ¶ 10.

Regarding Request No. 07-63, EOUSA, in the January 24 letter, informed plaintiff that because its files spanned "more than 100 separate offices throughout the country," he would need to identify the United States Attorney's Office "where you believe the requested records exist. This would primarily be in the district(s) in which prosecution or litigation occurred." *Id.*, Ex. C (emphasis omitted).  EOUSA notified plaintiff that it was closing Request No. 07-63 and would "open a new file" upon his submission of a request that "corrected the above deficiencies." EOUSA advised plaintiff of his right to appeal that decision to DOJ's Office of Information and Privacy ("OIP") and thereafter to the United States District Court. *Id.*

Regarding Request No. 07-64, EOUSA, by letter of January 26, 2007, categorically denied plaintiff's request for grand jury transcripts, claiming them to be exempt from disclosure under FOIA exemption 3 (5 U.S.C. § 552(b)(3)).  EOUSA informed plaintiff of his right to appeal that decision to OIP and thereafter to the United States District Court. *Id.*, Ex. D.

Plaintiff lodged his administrative appeal pertaining to Request Nos. 07-63 and 07-64 by letter of February 1, 2007, which OIP acknowledged by two letters dated March 13, 2007. Finnegan Decl. ¶¶ 11-12.  OIP assigned separate appeal numbers to plaintiff's two requests. *Id.* ¶ 12.  In the appeal letter, plaintiff challenged "the denial of his [FOIA] request . . . in regard to his (Sept. 11, 2006) request for documents, which there was no response to the writer's request" and the "full denial" of the grand jury transcripts pursuant to FOIA exemption 3. *Id.*, Ex. E.  By letter of April 30, 2007, OIP informed plaintiff that "[a]s a result of [EOUSA's] responses [of

January 24 and 26, 2007], your appeals from EOUSA's failure to respond to your request is [sic] now moot," and that it had closed plaintiff's "appeal files in this Office." *Id.*, Ex. G. Plaintiff filed this civil action on September 24, 2007.

## II. LEGAL STANDARD

As an initial matter, the individual defendants rightly move for dismissal because the FOIA does not provide a private cause of action against individuals. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). The DOJ, of which EOUSA is a component, is substituted as the party-defendant.

Summary judgment is appropriate when "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in declarations when they describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). An agency's obligation to disclose records is not triggered, however, until a proper request has been received. 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency to "determine within 20 days . . . after the receipt" of a request "whether to comply with such request" and to notify the requester

accordingly). A proper request is one that "(i) reasonably describes such records [sought] and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." § 552(a)(3)(A).

### III. ANALYSIS

Defendant asserts that plaintiff failed to exhaust his administrative remedies with respect to Request No. 07-63 because it "does not consider . . . plaintiff's February 1, 2007 letter to be an appeal of EOUSA's actions pertaining to both file numbers 07-63 and 07-64." Memorandum in Support of Defendants' Motion to Dismiss and for Summary Judgment at 8. It relies upon the Finnegan declaration, but Ms. Finnegan's statement that "EOUSA has no record of receiving an administrative appeal of its action of January 24, 2007 in Request No. 07-63," Finnegan Decl. ¶ 14, is belied by the attached exhibits. Not only did OIP acknowledge receipt of plaintiff's appeal, which specifically challenged the January 24 determination, but it closed the appeal files based on EOUSA's responses "to [plaintiff] by letters of January 24 and January 26, 2007." *Id.*, Ex. G.

Nevertheless, defendant is entitled to judgment on the foregoing claim because plaintiff failed to comply with EOUSA's directive to identify the United States Attorney's Office "where you believe the requested records exist[,] [which is likely] the district(s) in which prosecution or litigation occurred." Def.'s Ex. C. The directive was consistent with DOJ's regulation that "if [a requester] want[s] records about a court case, [he] should provide the title of the case, the court in which the case was filed, and the nature of the case." 28 C.F.R. § 16.3(b). In the absence of a clarifying request from plaintiff, EOUSA was under no obligation to proceed further with the otherwise improper request. *See Hudgins v. I.R.S.*, 620 F. Supp. 19, 21-22 (D.D.C. 1985) ("[A]n

4

agency is not required to have 'clairvoyant capabilities' to discover the requester's need. . . . the [request's] description must be 'sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents.'") (citations omitted).

With respect to Request No. 07-64, defendant properly withheld grand jury transcripts under FOIA exemption 3. Exemption 3 protects records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *see also Senate of the Commonwealth of Puerto Rico v. U. S. Department of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure, upon which defendant relies, qualifies as a statute because it was affirmatively enacted by Congress. *See Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981). Under this rule, government attorneys and other listed participants are prohibited from disclosing "matters occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2)(B); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir. 1998). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the Court of Appeals for the District of Columbia Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors,

5

and the like." *Senate of the Commonwealth of Puerto Rico*, 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)).

Transcripts of grand jury testimony are protected from disclosure in their entirety insofar as any "'exempt and nonexempt information [would be] 'inextricably intertwined,' such that the excision of exempt information would . . . produce an edited document with little informational value.'" *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000) (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)). *See Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp.2d 177, 183 (D.D.C. 2004) (approving the withholding of grand jury transcripts in their entirety); *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 554 (6th Cir. 2001) (remanding for segregability determination "excluding the 821 pages of grand jury materials withheld pursuant to Rule 6(e))"; *Church of Scientology Intern. v. U.S. Dep't of Justice*, 30 F.3d 224, 235 (1st Cir. 1994) ("[grand jury] documents ... whose contents are testimonial in nature ... ordinarily may be withheld simply on the basis of their status"); *accord Harvey v. U.S. Dep't of Justice*, 747 F. Supp. 29, 38-39 (D.D.C. 1990) (proper course for obtaining FOIA-protected grand jury material is by petition pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure in the judicial district where the grand jury convened).

## IV.  CONCLUSION

Finding no triable issue on (1) plaintiff's failure to exhaust his administrative remedies by submitting a proper FOIA request to EOUSA and (2) EOUSA's proper invocation of FOIA exemption 3 to any grand jury transcripts, the Court concludes that defendant DOJ satisfied its obligations under the FOIA and is entitled to judgment as a matter law.  A separate Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERMAINE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1687 (RJL) |
| | ) | |
| MICHAEL B. MUKASEY[1] *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 1st day of

July 2008,

ORDERED that defendant's motion to dismiss and for summary judgment [Dkt. No. 12]

is GRANTED; and it is

FURTHER ORDERED that judgment is entered for the Department of Justice.  This is

a final appealable Order.

RICHARD J. LEON
United States District Judge

---

[1]  Substituted pursuant to Fed. R. Civ. P. 25(d).